UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
CHRISTOPHER SADOWSKI,

                Plaintiff,                                 REPORT AND
                                                RECOMMENDATION

      -against-                               22 CV 5366 (PKC)(RML)

DIGITIAL ONE MEDIA LTD.,

                Defendant.
---------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated January 2, 2023, the Honorable Pamela K. Chen, United States

District Judge, referred plaintiff's motion for default judgment to me for report and

recommendation.  For the reasons stated below, I respectfully recommend that plaintiff's motion

be granted.

<b>BACKGROUND AND FACTS</b>

        Plaintiff Christopher Sadowski ("plaintiff") commenced this copyright

infringement action against defendant Digital One Media Ltd. ("defendant") on September 9,

2022.  Briefly, plaintiff alleges that defendant infringed on plaintiff's copyright of a photograph

of the W Subway at the 42nd Street Station (the "photograph"), in violation of 17 U.S.C. §§ 501

and 106.  (See Complaint, dated Sept. 9, 2022 ("Compl."), Dkt. No. 1, ¶¶ 1, 18.)  Plaintiff is a

professional photographer residing and maintaining a principal place of business in New Jersey.

(See id. ¶¶ 5, 10.)  Plaintiff licenses his photographs to online and print media.  (Id. ¶ 2.)

Defendant is the owner and operator of a website known as www.ajkalnewyork.com (the

"Website") and is a limited liability company with a principal place of business in New York.

(Id. ¶¶ 3, 6.)

Plaintiff asserts that he obtained an active and valid copyright registration from the United States Copyright Office ("USCO") for the Photograph and that the Photograph was given Copyright Registration Number VA2-246-656.  (Id. ¶¶ 12, 20; see also Certificate of Copyright Registration, attached as Ex. A to the Declaration of Christopher Sadowski, filed Dec. 27, 2022, Dkt. No. 13-1.)  Plaintiff further contends that he took the Photograph and at all times was the sole owner of all right, title, and interest, including the copyright, to the Photograph. (See Compl. ¶¶ 7-8.)  On April 16, 2022, plaintiff observed the Photograph on defendant's website without licensing, permission, or consent from plaintiff to use the Photograph.  (Id. ¶¶ 21, 24-25.)  Plaintiff has submitted a copy of the Photograph and a screenshot of the Photograph on the Website.  (See Original Photograph, attached as Ex. 1 to the Compl., Dkt. No. 1-1; Infringing Use of the Photograph, attached as Ex. 2 to the Compl., Dkt. No. 1-2.)  Plaintiff asserts that the image found on defendant's website was an exact copy of the Photograph and that defendant knowingly posted the Photograph despite lacking a license or permission to do so. (See Compl. ¶¶ 27-28.)

Plaintiff has demonstrated that defendant was properly served with the summons and complaint.  (See Affidavit of Service of Jeffrey Teitel, sworn to Sept. 14, 2022, Dkt. No. 5.) Despite proper service, defendant has failed to appear or otherwise defend this action.  (See Request for Certificate of Default, dated Oct. 24, 2022, Dkt. No. 8.)  On October 24, 2022, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a).  (Id.) On October 28, 2022, the Clerk of the Court noted defendant's default.  (See Certificate of Default, dated Oct. 28, 2022, Dkt. No. 10.)  Plaintiff filed the instant motion for default judgment on December 27, 2022.  (Motion for Default Judgment, dated Dec. 27, 2022, Dkt. No. 11.) Plaintiff seeks: (1) $20,000 in statutory damages; (2) $1,320 in attorney's fees and $440 in costs;

and (3) post-judgment interest.  (See Memorandum of Law in Support of Plaintiff's Motion for Default Judgment, dated Dec. 27, 2022 ("Pl.'s Mem."), Dkt. No. 12.)

**DISCUSSION**

**I.    Standard of Review**

The Federal Rules of Civil Procedure prescribe a two-step process to obtain a default judgment against an adverse party.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," as it has done here.  FED. R. CIV. P. 55(a).  Second, after a default has been entered against the defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment.  FED. R. CIV. P. 55(b)(2).  Here, as explained above, plaintiff has demonstrated that he properly served defendant with the summons and complaint.  Plaintiff has also demonstrated that he served the Motion for Default Judgment and accompanying submissions on defendant in compliance with Local Rule 55.2(c).  (See Affidavit of Jason Rosenthal, filed Dec. 28, 2022, Dkt. No. 16.)

Once a default has been entered, it is well settled that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability."  A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022) (quoting Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015)); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  When considering a default, a court is required to accept the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor.  See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653

F.2d 61, 65 (2d Cir. 1981)).  A plaintiff must still show that the allegations establish a defendant's liability as a matter of law, and only then should a default judgment be granted.  See id. (citing Au Bon Pain Corp. 653 F.2d at 65).

## II.    Liability

To prevail on a copyright infringement claim, a plaintiff must establish both ownership of a valid copyright and copying of constituent elements of the work that are original. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see also Yamashita v. Scholastic Inc., 936 F.3d 98, 104 (2d Cir. 2019) (same); Star Athletica, L.L.C. v. Varsity Brands, Inc., 580 U.S. 405, 410 (2017) (noting that the first element of a copyright infringement claim is "ownership of a valid copyright").

A certificate of copyright registration is a prerequisite to asserting a civil copyright infringement claim.  See 17 U.S.C. § 410(c); see also Sohm v. Scholastic Inc., 959 F.3d 39, 52-53 (2d Cir. 2020).  "[I]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c); see also Sheldon v. Plot Com., No. 15 CV 5885, 2016 WL 5107072, at *10 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 908 (2d Cir. 1980).  It bears noting that, while a certificate of copyright registration is prima facie evidence of ownership of a valid copyright, the alleged infringer may still rebut that presumption.  See Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (2d Cir. 2012).

Here, plaintiff has submitted an active and valid copyright registration from the USCO, registered under Copyright Registration Number VA2-246-656. (See Compl. ¶¶ 12, 20;

Certificate of Copyright Registration.)  Accordingly, plaintiff has established ownership of a valid copyright and defendant has failed to rebut this prima facie evidence.

To satisfy the second element of the Feist copyright infringement standard, a plaintiff "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Hamil Am. Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999) (citing Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995)); see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010) (same). Moreover, "[a]ctual copying may be shown by direct or indirect evidence; indirect evidence of copying includes proof that the defendants had access to the copyrighted work and similarities that are probative of copying between the works." Hamil Am. Inc., 193 F.3d at 99; see also ID Tech LLC v. Toggle Web Media LLC, No. 20 CV 5949, 2023 WL 2613625, at *3 (E.D.N.Y. Mar. 23, 2023).

Plaintiff also meets this burden based on the evidence submitted.  Defendant used the exact, seemingly unaltered, image in question and displayed it prominently on its website. (See Compl. ¶18, Ex. 2.)  Additionally, plaintiff alleges that he is the author of the photograph, and that defendant violated his exclusive rights to use the image under 17 U.S.C. § 106.  (See id. ¶ 18.)  The basic reproduction of the plaintiff's image without permission or authorization is sufficient to satisfy this element.  See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17 CV 5721, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019) (finding that plaintiff's allegation that defendant displayed or reproduced plaintiff's image without consent was sufficient to meet the burden for this element); see also Reilly v. Co., No. 15 CV 5118, 2016 WL 6837895, at *6 (S.D.N.Y. Oct.

31, 2016) (noting the same and highlighting that allegations are taken as true after a default).

Plaintiff has therefore met his burden and established copyright infringement liability pursuant to

17 U.S.C. §§ 501.

### III.  Damages

The quantum of damages remains to be established by proof unless the amount is

liquidated or susceptible of mathematical computation.  See Credit Lyonnais Sec. (USA), Inc. v.

Alcantara, 183 F.3d 151,155 (2d Cir. 1999); see also Transatlantic Marine Claims Agency, Inc.

v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997); Flaks v.

Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  "The plaintiff bears the burden of presenting proof of

damages, which may take the form of documentary evidence or detailed affidavits."  Sanchez v.

Ms. Wine Shop Inc., No. 22 CV 2178, 2022 WL 17368867, at *10 (E.D.N.Y. Nov. 30, 2022);

see also Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (supporting the use

of detailed evidence and affidavits to assess damages); Joe Hand Promotions, Inc. v. Benitez,

No. 18 CV 6476, 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), report and

recommendation adopted, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020) (same).

Plaintiff requests statutory damages, attorney's fees and costs, and post-judgment

interest.  (Pl.'s Mem. at 19.)  I will discuss each in turn.

A.  Statutory Damages

Plaintiff requests $20,000 in statutory damages for willful copyright infringement

under 17 U.S.C. § 504(c).  (See Pl.'s Mem. at 10.)   Plaintiffs may elect to recover statutory

damages instead of actual damages under the Copyright Act.  See 17 U.S.C. § 504(c)(1).  The

amount must be "not less than $750 or more than $30,000 as the court considers just."  See id.

Moreover, if the court deems the defendant's infringement willful, the court has discretion to

increase the award of statutory damages to a sum of not more than $150,000.  See id. § 504(c)(2).

The Copyright Act generally affords wide discretion to courts to allocate proper statutory damages.  See Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1114 (2d Cir. 1986).  Furthermore, to properly evaluate and calculate statutory damages, courts in this circuit evaluate the following factors: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010); see also Lee v. 162 D&Y Corp., No. 18 CV 2580, 2023 WL 199288, at *9 (E.D.N.Y. Jan. 17, 2023); Alvarado v. VNY Media Corp., No. 21 CV 4565, 2022 WL 2834655, at *4 (E.D.N.Y. July 20, 2022); Innovative Sports Mgmt., Inc. v. Acevedo, No. 19 CV 1690, 2020 WL 5134423, at *6 (E.D.N.Y. June 4, 2020), report and recommendation adopted, 2020 WL 6063250 (E.D.N.Y. Oct. 14, 2020). Where a defendant has defaulted, a court can only properly evaluate the defendant's state of mind and conduct, and the deterrent effect of damages on defendant (factors one, six, and four respectively).

It is well established within this district that a defendant's failure to respond or defend against a given suit allows the court to infer willfulness.  See Korzeniewski, 2019 WL 312149, at *7 ("a defendant's infringement can be deemed willful based solely on his failure to appear to defend a lawsuit"); see also Phillips v. TraxNYC Corp., No. 21 CV 528, 2023 WL 1987206, at *4 (E.D.N.Y. Feb. 14, 2023), report and recommendation adopted, 2023 WL 2532066 (E.D.N.Y. Mar. 14, 2023) (noting a defendant's failure to answer a complaint and

respond to a motion for default judgment is considered willful); Avedana v. Casa Ofelia's Bakery LLC, No. 20 CV 202214, 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), report and recommendation adopted, 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021) (quoting Acosta v. DRF Hosp. Mgmt. LLC, No. 18 CV 0346, 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful"); Rovio Enter., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("as these defendants are in default, their infringement may be deemed willful). Thus, due to defendant's failure to respond or appear and the resulting default, defendant's actions should be considered willful.

        Plaintiff has provided evidence that the standard licensing fee for his photographs is $3,500 to $4,000.  (See Licensing Fee Examples, attached as Ex. B to the Declaration of Christopher Sadowski, filed Dec. 27, 2022, Dkt. No. 13-2.)  Plaintiff has therefore established a monetary value of the expenses saved by the infringer/defendant and the revenue lost by the copyright holder/plaintiff (Bryant factors two and three, respectively).  See Bryant 603 F.3d at 144.  The submission of the standard licensing fee is considered sufficient to support these factors in this district.  See Parsons v. Bong Mines Ent. LLC, No. 19 CV 190813, 2021 WL 931506, at *9 (E.D.N.Y. Feb. 18, 2021), report and recommendation adopted, 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021) (quoting Seelie v. Original Media Grp. LLC, No. 19 CV 5643, 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020)).

        However, plaintiff's request for statutory damages equaling five times his $4,000 licensing fee[1] is excessive, as there is only one alleged act of infringement, there are no cease-

---

[1]  Plaintiff does not claim to have licensed this particular photograph previously, but he estimates that he "would have been reasonably entitled to charge up to $4000.00 for use of the Photograph in the commercial manner used by Defendant."  (Declaration of Christopher Sadowski, filed

and-desist letters, and there has been no request for injunctive relief.[2]  See, e.g., Idir v. La Calle TV, LLC, No. 19 CV 6251, 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (awarding $2,500 for use of copyrighted photograph); Dermansky v. Telegraph Media, LLC, No. 19 CV 1149, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 for use of a single photograph); Philpot v. Music Times LLC, No. 16 CV 1277, 2017 WL 9538900, at *9 (S.D.N.Y. Mar. 29, 2017) (awarding $5,000 for two instances of unauthorized reproduction of photographs), report and recommendation adopted, 2017 WL 1906902 (S.D.N.Y. May 9, 2017). Instead, I respectfully recommend that plaintiff be awarded three times the lower licensing fee of $3,500, for a total of $10,500.  See Sadowski v. Urbanspotlite LLC, No. 22 CV 887, 2023 WL 2838376, at *5 (N.D.N.Y. Apr. 7, 2023) (awarding $7,200 in statutory damages for use of one photograph on defendant's website); Sadowski v. Yeshiva World News, LLC, No. 21 CV 7207, 2023 WL 2742157, at *1 (E.D.N.Y. Mar. 31, 2023) (awarding $7,500 in statutory damages

---

Dec. 27, 2022, Dkt. No. 13, ¶ 6.); see also Philpot v. Music Times LLC, No. 16 CV 1277, 2017 WL 9538900, at *8 (S.D.N.Y. Mar. 29, 2017) (explaining that licensing fee for "equivalent work" can be an appropriate measure of damages), report and recommendation adopted, 2017 WL 1906902 (S.D.N.Y. May 9, 2017).  It bears noting, however, that the $4,000 invoice plaintiff submitted is for a photograph of "immigrants from the southern border arriving on secret flights at Westchester County Airport," and was issued to Fox News for "on air broadcast and online use allowed in perpetuity" on "all Fox News Channel platforms."  (See Licensing Fee Examples.)  In this case, by contrast, the Photograph was displayed on a Bengali-language website that most certainly has less reach than Fox News.

[2]   Unlike cases where the court awarded a multiplier of five times the licensing fee, plaintiff does not allege that he ever notified defendant of the infringement or requested that the photograph be removed from the Website.  See, e.g., Korzeniewski, 2019 WL 312149, at *8 (recommending a multiplier of five where the plaintiff had called the defaulting defendant seven times to remove the infringing photo); Broadcast Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 198 (S.D.N.Y. 2016) (awarding multiplier of five where the plaintiff sent forty-eight emails and visited defendants four times to request a halt to the infringing conduct); Broadcast Music, Inc. v. Bayside Boys, Inc., No. 12 CV 3717, 2013 WL 5352599, at *6 (E.D.N.Y. Sept. 23, 2013) (awarding multiplier of five "due to the number of times Plaintiffs contacted Defendants in an attempt to resolve this issue and Defendants' disregard").

where defendant published one of plaintiff's photographs on its website for commercial use, without permission or payment of $1,500 licensing fee); Sadowski v. Primera Plana NY, Inc., No. 18 CV 10072, 2019 WL 8362165, at *3 (S.D.N.Y. Oct. 16, 2019), report and recommendation adopted, 2021 WL 5910407 (S.D.N.Y. Dec. 14, 2021) (awarding statutory damages of $10,500, a multiplier of three); Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (awarding $3,000 for each of the five claims of infringement, reflecting approximately three times the amount of unpaid license fees). Accordingly, I respectfully recommend that plaintiff be awarded three times the lower licensing fee of $3,500, for a total of $10,500.

B.  Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs pursuant to Section 505 of the Copyright Act, which authorizes the court to award reasonable attorney's fees and costs to the prevailing party.  See 17 U.S.C. § 505; Broadcast Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016).  "An award of attorney['s] fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted."  Alvarado, 2022 WL 2834655, at *5 (quoting Tabak v. Lifedaily, LLC, No. 21 CV 04291, 2021 WL 5235203, at *6 (S.D.N.Y. Nov. 9, 2021)).  Specifically, to determine the reasonableness of attorney's fees, courts in this circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  A judge may determine prevailing rates based on evidence presented or his or her own knowledge of rates charged in the community.  See Chambless v. Masters, Mates & Pilots

Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989).  The relevant community is the district in which the court sits.  See Entral Grp. Int'l v. Sun Sports Bar Inc., No. 05 CV 4836, 2007 WL 2891419, at *9 (E.D.N.Y. Sept. 28, 2007) (quoting Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997)).  "In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff."  Sadowski v. Yeshiva World News, LLC, No. 21 CV 7207, 2023 WL 2707096, at *9 (E.D.N.Y. Mar. 16, 2023), report and recommendation adopted, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023); see also Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) (reasonable attorney's fees can be calculated by viewing "similar services by lawyers of reasonably comparable skill, experience, and reputation")).

In addition, an application for attorney's fees must be supported "by accurate, detailed, and contemporaneous time records."  Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010) (quoting N.Y. State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir.1983)).  Plaintiff's counsel has satisfied this requirement by submitting a chart detailing the amount of time he spent on specific tasks related to this matter.  (See Affidavit of James H. Freeman, Esq., dated Dec. 27, 2022 ("Freeman Aff."), Dkt. No. 14.)

Plaintiff's attorney requests $1,320 in attorney's fees.  (See id. ¶¶ 13, 16.) Plaintiff's attorney, a senior associate at Sanders Law Group, requests an hourly rate of $600 and explains that he has "over twenty years of substantial experience in the field of intellectual property law, including lead trial counsel experience in this District" and has "served as counsel of record on behalf of copyright holders in over 500 infringement actions."  (Id. ¶ 15.) However, plaintiff's counsel recently was awarded an hourly rate of $350 in the Southern

11

District of New York.  See Pires v. UOB Holdings (USA) Inc., No. 20 CV 1612, 2022 WL 902464, at *6 (S.D.N.Y. Mar. 28, 2022).  I therefore recommend that Mr. Freeman's hourly rate be adjusted to $350 per hour.

Finally, this court must ensure that the amount of time spent on litigation by counsel was reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  Courts must ensure the reasonableness of hours spent on litigation for a case through "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)).  The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)).

Mr. Freeman submitted documentation that he spent 2.3 hours working on this case.  (See Freeman Aff. at 3-4.)  These requested hours are reasonable.  See, e.g., Olusola v. Don Coqui Holding Co., LLC, No. 19 CV 6909, 2021 WL 631031, at *3 (E.D.N.Y. Feb. 18, 2021) (deeming reasonable three hours spent working on a copyright infringement default judgment motion and related casework); Stokes v. Hombres Lounge, Inc., No. 19 CV 3434, 2020 WL 9814097, at *9 (E.D.N.Y. Oct. 7, 2020) (noting "in total, counsel spent seven hours on the case, drafting and filing the complaint, researching and conducting due diligence preliminary to filing, seeking the entry of default, and drafting and researching the issues raised in motion for default judgment, including the attorney's declaration" which the court determined to be reasonable); Verch v. Sea Breeze Syrups, Inc., No. 19 CV 5923, 2020 WL 7407939, at *5 (E.D.N.Y. Aug. 20, 2020), report and recommendation adopted, 2020 WL 7402209 (E.D.N.Y.

Dec. 17, 2020) (approving 4.5 hours on a copyright default judgment case); Realsongs, Universal

Music Corp., 749 F. Supp. 2d at 92 (holding 14.9 hours expended on a copyright infringement

litigation case reasonable); Warner Bros. Ent. v. Carsagno, No. 06 CV 2676, 2007 WL 1655666,

at *9 (E.D.N.Y. June 4, 2007) (deeming 9.8 hours expended on a copyright infringement

litigation case reasonable).  Accordingly, I recommend that plaintiff be awarded $805 in

attorney's fees, reflecting the adjusted hourly rate of $350 per hour and 2.3 hours spent on this

case.

Additionally, plaintiff requests $440 in costs, representing the $400 filing fee and

$40 in service costs.  (See Freeman Aff. at 4.)  Costs are often included with attorney's fees but

limited to out-of-pocket expenses.  See U.S. Football League v. Nat'l Football League, 887 F.2d

408, 416 (2d Cir. 1989).  Moreover, court filing fees and service costs are costs that are

"routinely accrued during the course of litigation and are typically awarded by courts."  Broad.

Music, Inc. v. The Living Room Steak House, Inc., No. 14 CV 6298, 2016 WL 756567, at *9

(E.D.N.Y. Feb. 26, 2016), report and recommendation adopted, 2016 WL 1056609 (E.D.N.Y.

Mar. 17, 2016).  Accordingly, I recommend that plaintiff be awarded $440 in costs.

C.  Post-Judgment Interest

Finally, plaintiff requests post-judgment interest pursuant to 28 U.S.C. § 1961.

(See Pl.'s Mem. at 18.)  Section 1961 provides that interest is calculated "from the date of the

entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield,

as published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment."  28 U.S.C. § 1961(a).  Moreover, post-judgment interest

under Section 1961 is mandatory.  See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp.

13

3d 19, 53 (E.D.N.Y. 2015).  Therefore, I respectfully recommend that plaintiff be awarded post-judgment interest under 28 U.S.C. § 1961.

CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted, and that plaintiff be awarded $10,500 in statutory damages, $1,245 in attorney's fees and costs, and post-judgment interest.  Plaintiff is directed to serve copies of this Report and Recommendation on defendant by regular mail, and to file proof of service with the court within ten days of this Report and Recommendation.  Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
        July 24, 2023